UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason Coe Day, | Civil No. 11-2458 (SRN/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tom Roy, Minnesota Commissioner of Corrections, | |
| Respondent. | |

This matter is before the Court upon Petitioner's, Jason Coe Day, Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that the Petition be denied and this action be dismissed with prejudice.

**I.     BACKGROUND**

On June 24, 2006, Petitioner, his girlfriend, his girlfriend's sister, and one of the sister's friends were involved in an altercation with another group at a St. Paul nightclub. (Pet. for Writ of Habeas Corpus [Docket No. 1] at 1); State v. Day, 2008 WL 2415293, at *1 (Minn. Ct. App. June 10, 2008). When the other group of individuals left the club, Petitioner and his companions followed them to their home. (Id.) There, the argument escalated and during an attack on one of the individuals in the other group, the individual's neck was cut with a knife. (Id.)

1

On July 7, 2006, Petitioner was charged with first-degree assault in violation of Minn. Stat. § 609.221, subd. 1. Day, 2008 WL 2415293, at *1. Then, on August 28, 2006, the complaint was amended with two additional charges: first-degree attempted murder, in violation of Minn. Stat. §§ 609.17, subd. 1 and 609.185 (2004) and aiding and abetting first-degree attempted murder, in violation of Minn. Stat. §§ 609.05, subd. 1; 609.17, subd. 1 and 609.185 (2004). Day, 2008 WL 2415293, at *1. "A jury acquitted [Petitioner] of first-degree assault and attempted first-degree murder but found him guilty of aiding and abetting attempted first-degree murder." (Id.)

In his Petition to this Court, Petitioner asserts the following grounds as to why he is being held in custody in violation of the United States Constitution: 1) "[Petitioner] was acquitted and convicted of the same substantive offense in violation of the Double Jeopardy Clause"; 2) "[t]he evidence was insufficient as a matter of law to support Defendant's conviction"; and 3) "[t]he jury convicted Defendant based on a legally incorrect theory." (Pet. for Writ of Habeas Corpus at 5-8).

On August 30, 2011, this Court issued an Order directing Respondent to file an answer and advising Respondent, that if he believed that "Petitioner is currently ineligible for habeas corpus relief under § 2254 because his petition is untimely, he should raise that defense by filing a motion to dismiss, along with any apposite supporting evidentiary materials, in lieu of a comprehensive answer addressing Petitioner's claims on the merits." (Order [Docket No. 4] at 2). On September 27, 2011, Respondent filed a motion to dismiss arguing that Petitioner's Petition is time-barred. (Motion to Dismiss [Docket No. 6] at 1).

**II. DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1), imposes a one-year statute of limitations for habeas corpus petitions brought under 28 U.S.C. § 2254. McMullan v. Roper, 599 F.3d 849, 851 (8th Cir. 2010). The relevant section provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner acknowledges that he did not file his Petition within the one-year limitation mandated by AEDPA. (Mem. in Supp. of Pet. for a Writ of Habeas Corpus [Docket No. 2] at 3). Petitioner was convicted on December 4, 2006. (Pet. for Writ of Habeas Corpus [Docket No. 1] at 1). His conviction was affirmed by the Minnesota Court of Appeals on June 10, 2008. (Id.) The Minnesota Supreme Court denied review on August 10, 2008, and Petitioner did not seek a writ of certiorari from the United States Supreme Court. (Id.) However, because Petitioner is permitted 90 days to file a writ of certiorari with the United States Supreme Court, the one-year limitation period of the AEDPA began on November 8, 2008.

See Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998) ("[w]e conclude that the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ."); Parmley v. Norris, 586 F.3d 1066, 1069 (8th Cir. 2009) ("the statute of limitations on a habeas petition begins running 90 days after a prisoner reaches the end of 'all direct criminal appeals in the state system.'"). His time to file a petition for habeas corpus thus expired on November 8, 2009. Petitioner did not file his Petition until August 26, 2011—656 days after the deadline had passed.

Nevertheless, Petitioner argues that he is entitled to statutory and equitable tolling for certain periods of time, and therefore, his petition is timely. (Mem. in Supp. of Pet. for a Writ of Habeas Corpus at 3-7).

Initially, Petitioner argues that he is entitled to 39 days of statutory tolling under the AEDPA during which his motion for state post-conviction relief was pending. (Id. at 4). Although a petitioner may generally be entitled to such tolling, see 28 U.S.C § 2244(d)(2), because the Court finds that the time to file his Petition had already expired by the time he filed his post-conviction motion on August 5, 2010, as further explained below, the Court need not toll the time that his post-conviction motion was pending.[1]

---

[1] Petitioner also argues that the 60 day allowance to appeal the decision on the denial of his post-conviction motion, pursuant to Minn. Stat. § 590.06, should be tolled. (Mem. in Supp. of Pet. for a Writ of Habeas Corpus at 4). For the same reason, the Court need not toll any time during which he could have appealed the decision on his post-conviction motion.

4

Petitioner argues that he is entitled to several periods of extended time under equitable tolling principles. The primary period of time relevant to this Petition is from November 8, 2008—the date until which Petitioner could have sought an appeal to the United States Supreme Court for his conviction—until he filed his state post-conviction motion for relief on August 5, 2010.[2]  The Eighth Circuit has adopted the doctrine of equitable tolling, but has also put a stringent standard in place for justifying equitable tolling.  See Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.").  Time may be tolled "if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way."  White v. Dingle, 616 F.3d 844, 848 (8th Cir. 2010) (citing Holland v. Florida, --- U.S. ----, 130 S. Ct. 2549, 2562 (2010)).  It is the petitioner seeking equitable tolling who bears the burden of establishing these elements.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Earl v. Fabian, 556 F.3d 717, 722 (8th Cir. 2009) ("[t]he burden of demonstrating grounds warranting equitable tolling rests with the petitioner.").

Petitioner argues that the period from November 8, 2008[3] to August 5, 2010 should be tolled because "he reasonably and correctly believed that he must exhaust state post-conviction remedies before pursuing habeas corpus relief" and because "the statute of limitations to file a motion for state post-conviction relief is two years in Minnesota."  (Mem.

---

[2] On the basis of equitable tolling, Petitioner also seeks to toll the period from July 2, 2011 to July 20, 2011, during which the Minnesota state government was "shutdown" for all non-essential services. (Mem. in Supp. of Pet. for a Writ of Habeas Corpus at 5).  However, because this time period only relates to 18 days and even if tolled would not make the Petition timely, in light of the Court's finding that Petitioner is not entitled to equitable tolling for the period during November 8, 2008 to August 5, 2010, the Court need not decide whether such circumstances justify equitable tolling.

[3] Although Petitioner argues that the period which should be equitably tolled begins on August 10, 2008, as noted above, the Court has already granted Petitioner 90 days from August 10, 2008 on statutory tolling grounds.

in Supp. of Pet. for a Writ of Habeas Corpus at 5) (citing Minn. Stat. § 590.01, subd. 4). He alleges that "[a]fter the Minnesota Supreme Court denied [his] petition for review, [he] was told by [his] counsel that [he] had two years to seek post-conviction review in state court," and that he "could not seek federal review until all state remedies were exhausted, including post-conviction review in state court," which he apparently understood to mean that he "had two years to bring a habeas corpus petition because [he] had two years to bring a post-conviction motion and because [he] could not bring a habeas corpus petition until such motion had been raised." (Decl. of Jason Day [Docket No. 3] ¶¶ 3-5). However, generally, "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) (affirming the district court's rejection of the petitioner's argument that equity required the three years during which he waited to file his state post-conviction relief, though timely under state law, to be tolled).

More specifically, to the first element under White, Petitioner argues that he has diligently pursued his rights because he appealed his conviction through all avenues of appeal, filed a motion for post-conviction relief within the state required deadline, and "used his time conducting individual legal research and searching for further representation." (Mem. in Supp. of Pet. for a Writ of Habeas Corpus at 4). The Petitioner must establish "diligence in pursuing his habeas petition." Streu v. Dormire, 557 F.3d 960, 968 (8th Cir. 2009). Although there is evidence demonstrating that Petitioner diligently pursued his rights for appealing his conviction through all state-court levels, Petitioner does not address the precise relevant question as to whether Petitioner diligently pursued his rights in filing this federal habeas petition. The fact that Petitioner **could** seek relief within two years in state court does not

demonstrate that he was diligent in waiting until August 26, 2011 to file his federal habeas petition. Aside from his conclusory allegation that he "used [his] time researching and searching for new counsel," Petitioner wholly fails to provide any support to demonstrate any effort to pursue his right to file a federal habeas petition during the time required by the AEDPA. Furthermore, he does not allege that he was unaware of the denial of review by the Minnesota Supreme Court, when his conviction became final. Though he argues that extraordinary circumstances prevented him from filing his Petition, which the Court addresses below, he fails to provide any allegation as to when he discovered the relevant law pertaining to the one-year AEDPA statute of limitations and what actions he took upon discovering it. The Eighth Circuit, on numerous occasions, has explained that "[e]quitable tolling is an exceedingly narrow window of relief." Finch v. Miller, 491 F.3d 424, 427-28 (8th Cir. 2007) (quoting Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005)). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes." Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). "It would frustrate the legislative judgment that one year is an appropriate limitations period if judges were to use the doctrine of equitable tolling to exclude the period before the state application was 'properly filed' on the ground that it was being 'diligently pursued.'" Id. As such, on the record before it, the Court finds that Petitioner has failed to demonstrate a sufficient showing of diligence that would support equitable tolling for the time period from November 8, 2008 to August 5, 2010.

Even though the Court finds that the present record lacks any adequate showing of diligence on the part of the Petitioner in pursuing his federal habeas petition within the statute

7

of limitations set by the AEDPA, for the sake of completeness, it nonetheless addresses Petitioner's argument that extraordinary circumstances exist in this case which prevented a timely habeas petition. To support his argument that "extraordinary circumstances beyond [the] prisoner's control ma[d]e it impossible to file a petition on time," Petitioner argues that he reasonably relied on the information provided by his counsel and that he did not have access to adequate legal materials while incarcerated. The Court addresses each argument in turn.

For his reliance on his counsel's statements, Petitioner cites Banks v. Horn, 63 F. Supp.2d 525 (M.D. Pa. 1999), rev'd on other grounds, 271 F.3d 527 (3d Cir. 2001), rev'd on other grounds, 536 U.S. 266 (2002). The Eighth Circuit, however, has consistently rejected such arguments that the petitioner is entitled to equitable tolling because he, or even his attorney, miscalculated or misunderstood the limitations period or that his attorney failed to properly inform him of the right to appeal. See Finch, 491 F.3d at 427 (rejecting the petitioner's argument that the state created an impediment of access to the courts and that he is entitled to statutory or equitable tolling because "lack of adequate law library and legal aides to assist in research, as well as his post-conviction counsel's failure to inform him of the right to appeal"); Kreutzer, 231 F.3d at 463 ("[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted," nor does "counsel's confusion about the applicable statute of limitations . . . warrant equitable tolling." (citing other cases in which the court rejected equitable tolling argument in which the petitioner's counsel mistook or miscalculated the limitations period)); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) ("[n]ormally, however, a lawyer's mistake is not a valid basis for equitable tolling."). Petitioner's misunderstanding of the

8

timeline for filing federal habeas corpus relief does not fall within the extraordinary circumstances justifying equitable tolling.  See Preston v. State, 221 F.3d 1343 (8th Cir. 2000) (table decision) (affirming the district court's rejection of the petitioner's argument that he was entitled to equitable tolling because "he was unaware of the applicable federal statute of limitations, and because his state post-conviction counsel had not sent him the 'transcripts' from that proceeding," and thus, concluding that the petitioner's "unfamiliarity with federal law is not a ground for equitable tolling, and that his inability to timely obtain transcripts from a former attorney 'did not come near' to constituting the required showing of extraordinary circumstances").

As the United States Supreme Court explained in Holland, "in the context of procedural default, we have previously stated, without qualification, that a petitioner 'must "bear the risk of attorney error."'" 130 S. Ct. at 2563 (quoting Coleman v. Thompson, 501 U.S. 722, 752-53 (1991)).  In his concurring opinion in Holland, Justice Alito explained that "prior cases make it abundantly clear that attorney negligence is not an extraordinary circumstance warranting equitable tolling." Id. at 2566 (Alito, J. concurring).  "[P]articularly in the postconviction context where prisoners have no constitutional right to counsel," attorney mistakes such as miscalculation, ignorance, inadvertence, or even "fail[ure] to do the requisite research to determine the applicable deadline," generally do not provide a basis for equitable tolling because "mistakes of counsel are constructively attributable to the client, at least in the postconviction context." Id. (internal citations and quotation marks omitted).

Though the Court does not hold that attorney error could never be the basis for equitable tolling, see, e.g., United States v. Martin, 408 F.3d 1089 (8th Cir. 2005), Petitioner's allegations provided in this present case do not meet the necessary showing to require

equitable tolling. This is particularly true in a case like the one now before the Court in which Petitioner had ample time from when he allegedly received the advice from his attorney, such that he could have verified or researched the issue further. Any alleged explanation provided by Petitioner's attorney that may have confused him was not an extraordinary circumstance "beyond a prisoner's control [which made] it impossible to file a petition on time." See Bear v. Burt, No. 4:08-cv-00180-JEG, at *2 (S.D. Ia. Jul. 8, 2008), remanded on other grounds, No. 08-2725 (8th Cir. Apr. 6, 2009) (rejecting the petitioner's argument that he was entitled to equitable tolling because "he did not have access to a proper legal library," and "his direct appeal counsel, the prison contract attorney, and the state postconviction relief attorney all gave Petitioner wrong information, specifically that Petitioner had three years to file a state postconviction action and then an additional year to file his federal habeas case"). "Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." Baker v. Norris, 321 F.3d 769, 771-72 (8th Cir. 2003) (rejecting the petitioner's arguments that time should be tolled because "she did not receive enough time in the law library, because she had no reason to be aware of AEDPA's enactment, because of her actual innocence, and because of ineffective assistance of counsel"). To the extent that Petitioner was confused about his opportunity for federal habeas corpus relief, he could have inquired into the matter further, either by clarifying it with his attorney or researching the relevant law, both of which were within his control.[4]

---

[4] Indeed Petitioner does provide that he "conduct[ed] individual legal research." (Mem. in Supp. of Pet. for a Writ of Habeas Corpus at 4).

Petitioner further argues, however, that "[i]t is questionable whether the Minnesota Correctional Facility in Stillwater had a copy of the AEDPA during the relevant time period and whether petitioner had sufficient access to it." (Id. at 6). Although he acknowledges that "[t]he prison law library contains many legal materials concerning Minnesota state law," he asserts only generally that it has "few materials regarding federal law." (Decl. of Jason Day ¶ 8). Petitioner further provides vaguely that he is "unaware if the prison law library contains a copy of the Antiterrorism and Effective Death Penalty Act." (Id. ¶ 9). The Court acknowledges that the Eighth Circuit, as well as other circuits, has found that inadequate access to adequate legal materials, such as the AEDPA statute, in certain very limited circumstances may provide a basis for equitable or statutory tolling. See Bear v. Fayram, 650 F.3d 1120, 1121 (8th Cir. 2011) (explaining that the court remanded the case to the district court for further development of the record on whether the failure to provide access to the AEDPA limitation statute could be a basis for statutory tolling but explicitly refusing to consider the district court's initial rejection of the petitioner's equitable tolling argument for misleading advice of an attorney and an inadequate law library); Whalem/Hunt v. Early, 233 F.3d 1146 (9th Cir. 2000); Moore v. Battaglia, 476 F.3d 504 (7th Cir. 2007); Edgerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003). Here, Petitioner only asserts an equitable tolling argument and not a statutory tolling argument that the state created an impediment under 28 U.S.C. § 2244(d)(1)(B).

Petitioner's merest of allegations regarding the issue are that the "prison law library contains . . . few materials regarding federal law," that he "used [his] time researching and searching for new counsel," and that he is "unaware if the prison law library contains a copy of the [AEDPA]." Petitioner does not even allege specifically that as part of his "research" he

11

ever attempted to find any of the federal materials available within the prison library, or more specifically, whether he made any effort to research federal law relevant to the filing of habeas petitions. Nor does he even allege that he ever made any request to prison officials for any additional federal materials to be provided to him or to have access to additional federal law sources. Thus, unlike the petitioners in other cases who allege that they were not provided access to a library because of transfers among different facilities; because they were placed in a prison unit that prevented them from accessing the library; or because they specifically searched for federal habeas materials but only had access to older U.S.C.A reference books that did not contain the AEDPA, Petitioner here fails to even allege (much less demonstrate in the present record) that he made any actual effort to research federal habeas law during the AEDPA time period in question and was somehow frustrated in his efforts by circumstances beyond his control.

As such, in this case, Petitioner has not even specifically alleged, and more importantly has entirely failed to demonstrate (as is his burden), either that the prison library lacked a copy of the AEDPA statute or that the speculative absence of a copy of the statute was the cause for why Petitioner failed to file his federal habeas petition before the prescribed one-year statute of limitations expired. It is Petitioner's burden to demonstrate facts that would support a finding of equitable tolling. See Earl, 556 F.3d at 722 ("[t]he burden of demonstrating grounds warranting equitable tolling rests with the petitioner."). Petitioner in this case, represented by counsel[5], has failed to do so.

---

[5] Petitioner provides that he has "been represented by five attorneys regarding [his] charged offense," (Decl. of Jason Day ¶ 6). One attorney represented him at his preliminary hearing, another at his arraignment and plea, trial, and sentencing, a different attorney on appeal, another attorney for his post-conviction proceeding, and now his fifth attorney for this federal habeas petition. (Pet. for Writ of Habeas Corpus at 13).

In conjunction with the Court's finding above that Petitioner has failed on the present record to make a sufficient showing of diligence, without any additional facts to demonstrate that Petitioner made even a minimal effort to research any federal habeas law, the Court finds that it is Petitioner's failure to take any effort to familiarize himself with the relevant procedural law for federal habeas petitions that caused his petition to be untimely rather than any speculative absence of a paper copy of the AEDPA in the prison library. "The purpose of requiring habeas petitioners to demonstrate diligence in order to be entitled to an evidentiary hearing regarding equitable tolling is to ensure that the extraordinary circumstances faced by petitioners . . . -and not their lack of diligence-were the cause of the tardiness of their federal habeas petitions." Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006).

As the United States Supreme Court explained in Lewis v. Casey, 518 U.S. 343, 351 (1996), "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." (internal quotation marks omitted). "Because there is not 'an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.'" Finch, 491 F.3d at 427 (quoting Lewis, 518 U.S. at 351). Similar to the petitioner's argument in Finch, Petitioner's argument here in the present case fails because he has not "demonstrate[d] that the alleged [and speculative] shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id.; Earl, 556 F3d. at 724 ("lack of access to legal resources does not typically merit equitable tolling"); Johnson v. Hobbs, No. 11-1744, slip op. at 5 (8th Cir. May 1, 2012) ("[t]he extraordinary circumstance that prevents a petitioner from

timely filing his federal application must be external to the petitioner and not attributable to his actions."). The Court finds that Petitioner's mere allegation that he is "unsure" if the prison law library contains a paper copy of the AEDPA, without demonstrating any actual denial of access to the library or a denial of any specific request for additional federal materials, does not amount to an extraordinary circumstance permitting equitable tolling.

Finally, Petitioner argues that he is entitled to equitable tolling because "he is legally and actually innocent." (Mem. in Supp. of Pet. for a Writ of Habeas Corpus at 7). With this argument, Petitioner seeks to assert an argument on the merits of his Petition. (See Mem. in Supp. of Pet. for a Writ of Habeas Corpus at 7). Petitioner relies on three cases not binding on this Court: Lisker v. Knowles, 463 F. Supp.2d 1008 (C.D. Cal. 2006), abrogated, Lee v. Lampert, 610 F.3d 1125 (9th Cir. 2011), vacated, 653 F.3d 929 (9th Cir. 2011); Souter v. Jones, 395 F.3d 577 (6th Cir. 2005); and Garcia v. Portuondo, 334 F. Supp.2d 446 (S.D. N.Y. 2004). (Id.) These cases have limited relevance to the Court's analysis in light of the well-documented circuit split regarding whether an actual innocence exception to the AEDPA statute of limitations even exists.

In Lee v. Lampert, the Ninth Circuit first reversed the district court's holding, explaining that the district courts' "scrupulously evaluat[ing] actual innocence claims in the context of a petition time-barred by the statute of limitations," was a massive expenditure of judicial resources, which had effects even at the circuit level. Lee v. Lampert, 610 F.3d 1125, 1135-36 (9th Cir. 2010). However, after granting a rehearing en banc, Lee v. Lampert, 633 F.3d 1176, the Ninth Circuit vacated its prior holding and held that "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period." Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011). In so doing, it recognized that the "First, Fifth,

14

and Seventh Circuits do not recognize an actual innocence exception under any circumstances," but joined the Sixth Circuit, Tenth Circuit, and Eleventh Circuit in recognizing such an exception. See id. at 932-33. "The Eighth Circuit has left open the possibility that actual innocence could bear on a claim for equitable tolling." Id. at 933 n.6.

Indeed, the Eighth Circuit has recognized the exception, but it explained the strictly limited circumstances under which a petitioner could claim actual innocence as a basis for equitable tolling. See Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002) ("In the past, we have declined to address the question of whether a petitioner's 'actual innocence' is a circumstance sufficient to toll the statute of limitations. Today, we hold that it is not, at least in the circumstances of this case." (internal citations omitted)). The Eighth Circuit explained that for a claim of actual innocence to be viable:

> a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

Id. at 978. This Court has understood the Eighth Circuit's holding to require that:

> a habeas petitioner who requests equitable tolling based on a claim of actual innocence must show the following: (1) that there is some *specific new evidence,* which affirmatively demonstrates that the petitioner is actually innocent of the charged offense; (2) that the government, (or perhaps some other third party or external factor), prevented the petitioner from discovering the new evidence soon enough to raise it in a timely manner; and (3) the prisoner acted diligently to present the new evidence of actual innocence as promptly as possible, once the evidence became discoverable.

Wunderlich v. Dooley, No. 10-4737 (SRN/AJB), 2011 WL 851928, at *6 (D. Minn. Feb. 3, 2011) (emphasis in original). "For purposes of showing actual innocence, evidence is new

15

only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." Id. (internal citations and quotation marks omitted).

Petitioner has not presented any such evidence as part of the present record before this Court. The Court, therefore, finds that Petitioner's actual innocence argument is without merit. See Freeman v. Norris, 58 Fed. Appx. 667, 668 (8th Cir. 2003) (unpublished) ("[g]iven [the petitioner's] failure to show wrongdoing by the State prevented him from bringing a timely petition, his reliance on actual innocence to invoke equitable tolling is misplaced."). "To allow an assertion of actual innocence to excuse the running of the statute in such circumstances would take the equitable-tolling doctrine far from its original and legitimate rationale." Flanders, 299 F.3d at 977.[6]

Therefore, for the reasons stated above, the Court will recommend that the Petition for Writ of Habeas Corpus be denied and this case be dismissed with prejudice.

## III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

**1.** Plaintiff's Petition for Writ of Habeas Corpus be denied;

---

[6] Furthermore, "a prisoner who seeks equitable tolling based on an actual innocence claim must show not only that he diligently attempted to discover new evidence of his innocence, but also that he diligently attempted to present that evidence to the courts." Wunderlich, 2011 WL 851928, at *6. In light of the Court's finding of lack of diligence in this case, that alone would be enough to reject Petitioner's argument for equitable tolling based on actual innocence. See Murray v. United States, 313 Fed. Appx. 924, 925 (8th Cir. 2009) ("[t]he use of equitable procedures should be infrequent and will not be applied if the habeas movant has not diligently pursued his rights." (internal citations omitted)).

Petitioner also argues that he is entitled to equitable tolling because he is legally innocent. (Mem. in Supp. of Pet. for a Writ of Habeas Corpus at 7). Legal innocence, however, is not a basis for equitable tolling. See Freeman v. Zavaras, 2012 WL 753651, at *6 (10th Cir. 2012) (explaining that "[a]ctual (factual) innocence is a ground for applying equitable tolling, but that 'legal innocence' is not"); Harvey v. Jones, 179 Fed. Appx. 294, 298 (6th Cir. 2006) (finding that petitioner was asserting a claim of legal innocence and rejecting his argument for equitable tolling); Williams v. Delo, 82 F.3d 781, 784 (8th Cir. 1996) (explaining that "[t]he miscarriage of justice exception does not apply because [the petitioner] only assert[ed] legal innocence, not actual innocence").

    **2.** This case be dismissed with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

The Court grants a Certificate of Appealability where the petitioner makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To succeed, the Petitioner must show that the issues are "debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Here, the Court finds it improbable that any other court would decide the issues Petitioner presents any differently or find that any issue warrants further proceedings. Thus, the Court further recommends that Petitioner not be granted a Certificate of Appealability.

Dated: May 1, 2012　　　　　　　　　　　　　　s/Leo I. Brisbois
　　　　　　　　　　　　　　　　　　　　　　Leo I. Brisbois
　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by May 15, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.